LEWIS G. WALLACE, as Administrator, etc., of CAMILLA WALLACE, Deceased, Respondent, v. JOHN E. SMITH, Defendant, Impleaded with HOLMAN, RAPP & Co., INC., Appellant.

First Department, June 20, 1933.

*M. J. Hamburger* of counsel [*James I. McGuire* with him on the brief; *James I. Cuff*, attorney], for the appellant.

*Charles Glatzer* of counsel [*David M. Fink* and *Jacquin Frank*, attorneys], for the respondent.

Martin, J. The plaintiff's intestate was struck by an automobile while crossing the street at the intersection of One Hundred and Thirteenth street and Broadway, New York city, on or about January 2, 1932, and received injuries which resulted in her death. The plaintiff, as administrator of the estate of the deceased, brought this action to recover damages.

The defendant, appellant, a foreign corporation, organized under the laws of the State of Delaware, is admittedly not the owner of the automobile which caused the injury. The complaint alleges that the defendant Smith is " the owner of. a certain automobile bearing the New York State license No. 8 V-6794, which he then operated and controlled on the public highway known as 113th Street in the City of New York, Borough of Manhattan, near the intersection of Broadway."

In the affidavit submitted in opposition to this motion to vacate and set aside the service of the summons, the following is stated: " There is no dispute that the defendant Smith was operating the motor vehicle that caused the injuries to the deceased resulting in her death."

After the death of the woman thus injured, this action was commenced by serving the present appellant, pursuant to section 52 of the Vehicle and Traffic Law, by serving the Secretary of State of the State of New York at his office at 80 Center street, New York city, and mailing a copy of the summons and complaint to the appellant, Holman, Rapp & Co., Inc., 1420 Walnut street, Philadelphia, Pa.

The appellant claims that the service upon it under the said section of the Vehicle and Traffic Law is improper. Section 52 provides: " The operation by a nonresident of a motor vehicle or motor cycle on a public highway in'this State, or the operation on a public highway in this State of a motor vehicle or motor cycle owned by a nonresident if so operated with his consent, express or implied, shall be deemed equivalent to an appointment by such nonresident of the Secretary of State to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway or in which such motor vehicle or motor cycle may be involved while being operated on such a highway with the consent, express or implied, of such nonresident owner; and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the State."

The respondent admits the appellant did not own the car and affirmatively alleges that the car was owned by the defendant John Smith but it contends that Smith was an agent and servant and employee of the appellant and under the terms of his employment he used the automobile in the business of his employment and within the scope thereof.

The appellant claims that the service of process upon it is not such service as contemplated by section 52 of the Vehicle and Traffic Law and that the court has not obtained jurisdiction by the service of process herein; that the appellant was neither the owner nor operator of the automobile in question.

The appellant relies upon the definition of the word " operate " as defined by the Court of Appeals in *O' Tier* v. *Sell* (252 N. Y. 400). There the court said: " We have said that ' the word " operate " is used throughout the statute [Highway Law] as signifying a personal act in working the mechanism of the car. The driver operates the car for the owner, but the owner does not operate the car unless he drives it himself. If the meaning were extended to include an owner acting either by himself or by agents or employees, the provisions of the Highway Law would be replete with repetitious jargon.' (*Witherstine* v. *Employers' Liability Assur. Corp.*, 235 N. Y. 168.)"

That case clearly indicates that the word " operate " was intended to mean a personal act. There the court said: " In that section certainly the Legislature used the word ' operate ' as signifying ' a personal act.' If the Legislature had intended that operation with the permission of a non-resident owner of a motor vehicle on a public highway shall subject the non-resident to suit without personal service within the State, it could have used apt language to indicate its purpose. It has not done so. On the contrary, it has used language which excludes such a construction."

Service of the character contemplated by the statute presupposes that the owner or driver of the car was in fact operating the car in this State. Although appellant neither owned nor operated the car, the attempt is made to predicate liability on the theory of agency. This statute does not apply to a case where a car is being operated in this State by its owner who may also be an agent or an employee of a person or corporation located in another State.

The law permitting service by the means suggested may be necessary in certain cases and may bring about a very just result. If it is to be extended so that it will cover a case of this character it may be subject to great abuse. A person or corporation which is neither the owner nor operator of a car may be called to some

distant State to defend a personal injury action on the allegation that a person operating a car in that State was doing so as the agent of the person or corporation sought to be made defendant.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL and SHERMAN, JJ., concur; McAVOY, J., taking no part.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.