**KIRCHNER v. N. & W. OVERALL CO.**

No. 3811.

District Court, E. D. South Carolina.

Oct. 30, 1936.

916

G. Badger Baker, of Florence, S. C., and Albert F. Woods, of Marion, S. C., for plaintiff.

Willcox, Hardee & Wallace, of Florence, S. C., for defendant.

MYERS, District Judge.

This action was brought in the court of common pleas for the county of Florence, state of South Carolina, and removed to this court under the provisions of the removal statute, the defendant being a nonresident and the amount involved exceeding the sum of $3,000. The appearance of the defendant, the record shows, was solely for the purpose of resorting to the removal statute, and the defendant is now before this court on motion to set aside the attempted service upon the director of the motor vehicle division of the South Carolina highway department, and by mailing a copy of the summons and complaint to the defendant at his place of business in Lynchburg, Va., by resort, as applicable, to section 437, Code of laws of South Carolina 1932, vol. 1.

The complaint alleges damages to plaintiff in the sum of $15,000, as the result of the collision of an automobile in which she was a passenger with a car owned and negligently driven by one C. J. H. Still, "the agent, servant and/or employee of the defendant Company," "engaged in the furtherance and transaction of the defendant's business within the County of Florence and the State of South Carolina."

Section 437 of the Code of Laws of South Carolina 1932 reads as follows:

"*Service on Non-Residents in Actions Arising Out of Accidents or Collisions of Motor Vehicles.*—(1) *Director of Motor Vehicle Division Lawful Attorney.*—The acceptance by non-resident of the rights and privileges conferred by the laws now or hereafter in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such non-resident on the public highways of this State, or the operation by such non-resident of a motor vehicle on the public highways of the State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such non-resident of the director of motor vehicle division of the State Highway Department, or of his successor in office, to be his true and lawful attorney upon

whom may be served all summons or other lawful process in any action or proceeding against him, growing out of, any accident or collision in which said non-resident may be involved by reason of the operation by him, for· him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this State, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

From affidavits submitted by the defendant, it is made to appear that the said C. J. H. Still was a "traveling representative" of the defendant corporation, engaged in calling upon and securing written orders from its customers, which orders were filled, shipped out, and billed from defendant's place of business in Lynchburg, Va., in interstate commerce; that the said Still received no other compensation from the defendant than commissions on sales so made, and that he paid the entire expenses of the operation of his car, over which operation the defendant had and exercised no control.

■ The section of the Code resorted to for obtaining service of the nonresident defendant (section ·437) was evidently patterned upon the New York Code, Vehicle and Traffic Law, § 52 (Consol. Laws, c. 71), held in Wallace v. Smith, 238 App.Div. 599, 265 N.Y.S. 253, not to apply to a foreign corporation, where the car causing injury was owned and operated by its agent. It is, however, contended, that the South Carolina act is more comprehensive, in that operation by or with the consent, express or implied, of such nonresident owner, set out in both acts, is supplemented in the South Carolina act by the words "for him, or under his control or direction." In order to sustain service under the words last quoted, it must be made to appear that the vehicle was being operated "for" the nonresident defendant, on the allegation that it was being used to further and transact the defendant's business; and this, in argument, comes down to whether one making sales on commission, on his own time, in his own way, using and "operating" his own conveyance, not subject to control or direction of the nonresident corporation for which he is making sales, is operating his car "for" the nonresident corporation, as contemplated by the act referred to. In other words, was Still, at the time and place alleged, the agent of the defendant corporation, acting in the scope of his agency, or was he an independent contractor?

■ The Supreme Court of South Carolina does not appear to have been called upon to construe the ·act. In other cases cited (Postal Telegraph-Cable Co. v. Murrell, 180 Ky. 52, 201 S.W. 462, L.R.A. 1918D, 357; Dishman v. Whitney, 121 Wash. 157, 209 P. 12, 29 A.L.R. 460: Auer v. Sinclair Refining Co., 103 N.J. Law, 372, 137 A. 555, 54 A.L.R. 623; Magnolia Petroleum Co. v. Pierce, 132 Okl. 167, 269 P. 1076, 61 A.L.R. 218; Aldrich v. Tyler Grocery Co., 206 Ala. 138, 89 So. 289, 17 A.L.R. 617; James v. Tobin-Sutton Co., 182 Wis. 36, 195 N.W. 848, 29 A.L.R. 457;· Singer Mfg. Co. v. Rahn, 132 U.S. 518, 10 S.Ct. 175, 33 L.Ed. 440), there is diversity of opinion on the question of liability. This court should and will avoid passing on the question of liability on this motion. To hold that the method provided for service of nonresidents under the act cannot avail the plaintiff under the allegations of the complaint would not preclude submission to a jury of the issue of agency or representation, should jurisdiction of the defendant be otherwise obtained. On the other hand, refusal of the motion to set aside service, under section 437, would be in effect a finding of fact that on the allegations of the complaint and the admissions of defendant the car complained of was being "operated for" the defendant.

The language of the court in Wallace v. Smith, 238 App.Div. 599, 265 N.Y.S. 253,.256, applies with equal force to the South Carolina law as to the New York law, and is followed in construction of the Michigan statute, based on the New York law, in Brown v. Cleveland Tractor Co., 265 Mich. 475, 251 N.W. 557, setting aside service of process. In Wallace v. Smith, the court says:

"This statute does not apply to a case where a car is being operated in this state· by its owner who may also be an agent or an employee of a person or corporation located in another state.

"The law permitting service by the means suggested . may be necessary in certain cases. * * * If it is to be extended so that it will cover a case of this character, it may be subject to great

abuse. A person or corporation which is neither the owner nor operator of a car may be called to some distant state to defend a personal injury action on the allegation that a person operating a car in that state was doing so as the agent of the person or corporation sought to be made defendant. The statute was never intended for any such purpose. To permit such a practice would result in very great injustice."

While there is a slight difference in the language used in the South Carolina act, I am of the opinion that it, nevertheless, contemplates the presence of the nonresident's car within the state, operated by him or for him, under his control or direction. It is a derogation of common right, as stated in the Michigan decision, and cannot be extended by implication to accomplish that which the Legislature could have done and failed, in express terms, to do.

It is therefore ordered that the said motion be and the same is hereby granted and that the service of the summons and complaint herein be and is hereby vacated and set aside.