29465. MYERS *v.* KATZ.

DECIDED JULY 16, 1942.

*Paul Crutchfield, Carl F. Hutcheson,* for plaintiff.

*Neely, Marshall & Greene,* for defendant.

STEPHENS, P. J.   Mrs. Norma Myers instituted in the superior court of Fulton County an action against Raymond Myers, a resident of Fulton County, Albert A. Katz, a resident of Philadelphia, Pennsylvania, and Revlon Products Corporation, a New York corporation, seeking damages for personal injuries.   The plaintiff alleged that while she was riding in an automobile owned by the defendants and driven by the defendant Myers, who was the "agent, servant and employee of" Katz and Revlon Products Corporation, the automobile was wrecked and she was injured; that her injuries were sustained as the result of the gross negligence of the defendants in the operation of the automobile on a public highway of the State of Georgia; that "said defendants did use and were using public highways of the State of Georgia with an automobile owned by them and operated by said defendant Raymond Myers who was and is also an agent, servant, and employee of said defendants . . for said defendants and under their control and direction, express and implied, and while so engaged in the operation of said automobile as stated, supra, did injure and damage . . petitioner."   The petition alleged the mail address of the non-resident defendants, and prayed for service on them as provided in Code Ann., § 68-801, by service on the Secretary of State of Georgia as attorney in fact for such defendants.   The petition and process were served on John B. Wilson, Secretary of State of Georgia, by leaving copies with him.   He forwarded copies by registered mail to each of the non-resident defendants, who received and receipted therefor.

Katz filed a verified "special plea to the jurisdiction and motion to quash the service of process and return of service of process," in which he averred as follows: (1) At the time of the institution of the suit and the "attempted service" on him Katz was a resi-

dent and citizen of Pennsylvania, and has never consented to be sued in this action in the courts of Georgia. (2) At the time of the accident described in the petition the defendant Myers, alleged to be the driver of the automobile involved, was not in the employ of Katz, and Katz had no right to direct or control his activities or the operation of the automobile by him, and Myers was not acting at the time for or at the direction of Katz. (3) At the time of the accident Katz had no financial interest in, and no right to direct or control, the automobile involved, but the automobile at that time was owned "solely and exclusively by Raymond Myers, a resident and citizen of Fulton County, Georgia, who had registered said automobile with the State of Georgia and who held a license to operate said automobile along the public highways of the State of Georgia."

On the hearing of the plea and motion there was introduced a certified copy of the registration by Myers of the automobile involved, showing that 'it was registered with the State of Georgia under the name of Raymond Myers for the year during which the accident occurred, together with the affidavit of Myers that he had purchased the automobile in Atlanta on August 27, 1940; that on January 14, 1941, he registered this automobile with the State of Georgia and a license tag was issued; and that on the day of the accident, January 15, 1941, this automobile carried the Georgia license tag issued to him. The court sustained the plea and motion and dismissed Katz as a defendant. The plaintiff excepted.

For the purpose of determining this case it will be assumed that the automobile was being operated by the resident defendant as the "agent, servant and employee" of the non-resident defendant, and within the scope of his employment and while carrying on the non-resident's business. The pleadings and evidence before the court on the hearing of the plea and motion present the question whether Katz, who was a non-resident of Georgia, could be or was legally served under the provisions of Code § 68-801, supra. Was Katz such a non-resident user by motor vehicle of the highways of this State as to become subject to the provisions of the above statute when the automobile, the operation of which caused the injuries, was owned by the "agent, servant, and employee" of Katz, and was being operated by this agent or employee for the non-resident defendant, and the automobile was registered as required by the laws

of Georgia in the name of such agent or employee, who was a Georgia resident and licensed by the State to operate the automobile? This brings up for decision the question whether the employment by a non-resident of Georgia of a Georgia resident who uses his own duly-licensed and registered automobile in the course of his employment or agency for the non-resident, is sufficient to constitute the non-resident principal or employer such a non-resident user, within the purview of Code § 68-801, supra, of a motor vehicle on the highways of Georgia, as will permit him to be served as provided in that section in a suit seeking a recovery for injuries inflicted by the resident agent or employee in the operation, as the agent or employee of the non-resident, of the automobile on a public highway in this State. This is not a case where the resident agent or employee, within the scope of his agency or employment, injured another in the operation of an automobile owned by his principal or employer. The non-resident defendant in the present case did not own and operate a motor vehicle on a public highway of this State, nor was any automobile owned by him operated for him or under his control or direction express or implied on any highway in this State.

The section provides as follows: "The acceptance by any non-resident of this State, whether a person, firm, or corporation, of the rights and privileges conferred by the laws now or hereafter in force in this State, permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by any such non-resident on the public highways, streets of any incorporated or unincorporated municipality or public roads of this State, shall be deemed equivalent to the appointment by such non-resident user of said highways, streets or public roads of the Secretary of the State of Georgia, or his successor in office, to be his true and lawful attorney in fact upon whom may be served all summonses or other lawful processes in any action or proceeding against any such user, growing out of any accident or collision in which any such non-resident user may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on any such highways, streets, or public roads in said State, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served upon him personally."

The provision as respects the acceptance by a non-resident of the "rights and privileges conferred by the laws . . permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by any such non-resident on the public highways . . of this State" contemplates an acceptance by the non-resident by his use of a motor vehicle other than one registered within this State and operated by its owner, a resident of this State, although a resident of this State operating the motor vehicle may be the servant or agent of the non-resident in its operation. In such cases the non-resident himself, by the operation of the automobile, although it may be by his authorized agent, does not accept any right or privilege conferred by law on a non-resident. The operation in this State of a motor vehicle registered under the laws of this State by a resident of this State who owns the motor vehicle, although he may be, in the operation of the motor vehicle, the servant and agent of a non-resident, is not the operation of the automobile under any right or privilege conferred by the laws of this State on a non-resident. Such non-resident therefore can not be served with petition and process in a suit against him by service on the Secretary of State of this State, as is provided by the act for service on non-residents who have accepted the rights and privileges conferred by the laws of this State on non-resident operators of motor vehicles within this State.

In Wood v. W. M. D. Reilly & Co., 40 Fed. Supp. 507, the district court for the northern district of Georgia, in construing and applying the Georgia statute, supra, held that the consequences of the statute result from direct acceptance by the non-resident of the rights conferred by the laws permitting the operation of motor vehicles, and not from the right of employment of a licensed registered owner of a Georgia registered automobile; and that such an indirect acceptance by a non-resident of the rights and privileges relating to the operation of motor vehicles as follows from the employment by a non-resident of a duly-licensed and registered resident owner of a motor vehicle is not equivalent to appointment of the Secretary of State as the agent of such non-resident to receive service of process in an action against the non-resident for injuries caused by his employee's negligent operation of the motor vehicle owned by such employee.

In Brown v. Cleveland Tractor Co., 265 Mich. 475 (251 N. W.

557), the Supreme Court said: "It is desirable that statutes for substituted service on motorists shall have uniformity of construction, as far as their language will permit, that people may cross State lines with knowledge of their liabilities and rights." In that case, in construing a similar statute of that State, the Supreme Court held that a non-resident corporation, whose employee was driving his own automobile on the corporation's business when he collided with the plaintiff's automobile in Michigan, was not "operating" the automobile within the statute providing for service of summons on the Secretary of State in an action against a non-resident involved in a collision while operating a motor vehicle. The New York high court in dealing with the non-resident motorists substituted service statute of that State held that a statute providing for service of process on the Secretary of State in cases involving the operation of motor vehicles upon State highways by a non-resident or with a non-resident owner's consent does not apply to a foreign corporation where the car causing the injury was owned and operated by its agent. Wallace v. Smith, 238 App. Div. 599 (265 N. Y. Supp. 253). A similar statute of the State of South Carolina was held not to apply where the non-resident did not own the automobile. Kirchner v. N. & W. Overall Co., 16 Fed. Supp. 915. The court said that the statute "contemplates the presence of the non-resident's car within the State, operated by him or for him, under his control or direction."

It follows that the judge properly held that the non-resident defendant Katz could not be served as provided in Code § 68-801, supra, and dismissed this defendant from the case.

*Judgment affirmed. Sutton, J., concurs.*

FELTON, J., dissenting. The purpose of the non-resident service act is to give local courts jurisdiction of non-residents in causes of action involving the operation of vehicles by non-residents. The act does not provide that the car so operated must be owned by the non-resident operating it. The registration in Georgia of an automobile owned by a non-resident would not exempt the non-resident from the act and I do not see why its registration by any one else would exempt it when the automobile is operated by the non-resident through an agent. The holding of the majority in this case will make it possible for all non-residents to circumvent the act and insulate themselves against suits in this State by the

renting of vehicles registered by residents or by the employment of agents to operate their vehicles for the non-residents. Of course, if the agents operating the vehicles in this State are independent contractors the above would have no application. What is said is based on the premise that the person in this State operating the vehicle is doing so as agent of the non-resident, under such circumstances as render the non-resident principal liable for his acts and negligence as such.