367 P.2d 572

**MAYFLOWER INSURANCE EXCHANGE,
a Washington corporation, Plaintiff-
Appellant,**

**v.**

**Betty J. KOSTERIVA, Ernest DeLeeuw and
Phyllis DeLeeuw, husband and wife,
Defendants-Respondents,**

**Jack E. Latham and Billy J. Piper,
Defendants.**

No. 8892.

Supreme Court of Idaho.

Dec. 27, 1961.

Hawkins & Miller, Coeur d'Alene, for appellant.

J. Ward Arney, Pat W. Arney, Coeur d'Alene, for respondent.

McFADDEN, Justice.

Mayflower Insurance Exchange, a Washington corporation, instituted this action for declaratory judgment against the named defendants, of whom only Betty J. Kosteriva, Ernest DeLeeuw and wife are respondents. The other defendants named did not appear in the trial of the action in the District Court and are not represented on this appeal.

Appellant sought a declaration of its obligations under one of its insurance policies issued in the State of Washington to defendant Latham, an Airman First Class in the United States Air Force. The policy provided that the Insurance Exchange agreed to pay on behalf of Latham, the insured, all sums he should become legally obligated to pay as damages for bodily injury, death or property damage, caused by accidental occurrence and arising out of the ownership, maintenance or use of the specified 1956 Oldsmobile. The Insurance Exchange also agreed to defend any suits seeking damages against the insured.

The contract defined the term "Insured", as follows:

> "With respect to coverages A and B [bodily injury and property damage liability], the unqualified word 'insured' includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, when used with the permission of the named insured."

The contract had endorsed on its face the following:

"This Policy Is Endorsed. Please Read Carefully.

"This policy does not afford coverage while the insured vehicle is operated by a member of the Armed Forces of the United States or any other power, except the named insured and spouse."

Latham admitted that he had read and was aware of this endorsement.

On the afternoon of June 11, 1957, Latham, with one Piper, another Airman, both stationed at Fairchild Air Base, near Spokane, Washington, drove from the base to Coeur d'Alene, Idaho. During the course of the afternoon, during dinner at the home of Latham's wife's mother, and after dinner, Latham was drinking beer, eventually becoming intoxicated. Piper, who was with Latham at all times during the afternoon and evening, did not drink. After visiting a couple of taverns after dinner, Latham, feeling he wasn't in condition to drive, told Piper to get the insured car from a parking lot, where it had been left.

Piper, took the car, picked up Latham, Latham's wife and her sister. The sister entered the front seat with Piper, and Latham and his wife entered the rear seat. Mrs. Latham was taking care of her husband, who by that time was becoming ill. Mrs. Latham directed Piper to drive to an establishment for coffee for all, primarily, however, for Latham's benefit. En route to the cafe, the car, driven by Piper, struck and injured three pedestrians, one of whom succumbed to her injuries.

Respondent Betty J. Kosteriva, the daughter of the pedestrian killed in the accident, brought an action against Latham and Piper for damages for the death of her mother. Mr. and Mrs. DeLeeuw, the other two persons injured in the accident, instituted another action against both Latham and Piper for damages for their injuries.

Neither Latham nor his wife notified the Insurance Exchange of the accident. They were first contacted by agents of the Exchange some three or four months after the Kosteriva and DeLeeuw suits were filed.

The trial court head the matter without a jury and entered Findings of Fact, Conclusions of Law and Judgment declaring that appellant was obligated to defend the actions pending against defendants Latham and Piper and to pay any judgment entered against them in such actions up to the policy limits.

From this judgment appellant appeals, assigning as error the finding of the trial court that the word "operated", as used in the restrictive endorsement was ambiguous; the finding that Piper, a member of the Armed Forces, was the driver, but not the operator, of the vehicle; and the judgment and decree against the appellant.

Specifically the trial court held, by its Conclusions of Law II:

"Under the facts and circumstances in the instant case, Piper was 'driving' the car but he was doing so in the presence of Jack E. Latham and Ramona Latham, his wife, the insureds, and was 'driving' the car as the agent of and under the direction and control of the Lathams and solely on a mission or errand and for the purposes of the Lathams, and in their presence.

"Under the facts in this case, the Lathams 'operated' the car."

■ Appellant urges that the word "operated", as used in the indorsement, is definite and not ambiguous, and specifically that the court erred in finding ambiguity in the use of the word. It is contended that there should be no application of the rule that where a clause in an insurance policy is susceptible of more than one construction the one most favorable to the insured should be adopted. Such rule has been adopted by this court in the case of Rauert v. Loyal Protective Ins. Co., 61 Idaho 677, 106 P.2d 1015, and Rollefson v. Lutheran Brotherhood, 64 Idaho 331, 132 P.2d 758. Application of such rule of construction against the insurance company is dependent on determining whether the terms in its policy are ambiguous.

Dictionary definitions can be found to support the contentions of both the parties to this appeal. Webster, New International Dictionary, 3rd Ed. 1961; Funk & Wagnalls, New Standard Dictionary (1937); the term "operated" has not acquired a single clear legal meaning. An examination of many cases shows a sharp division of authority as to whether the term is limited in meaning to actual physical control or whether a vehicle may be "operated" by one other than the driver. E. g., Witherstine v. Employers' Liability Assur. Corp., 235 N.Y. 168, 139 N.E. 229, 28 A.L.R. 1298; contra, Trans-Continental Mut. Ins. Co. v. Harrison, 262 Ala. 373, 78 So.2d 917, 51 A.L.R.2d 917. See also, 5 A Am.Jur., Automobile Ins. § 36, p. 38, and current supplement. Snyder for Use of Brooks v. United States Mut. Ins. Co., 312 Ill.App. 337, 38 N.E.2d 540, 542.

■ Examination of the statutory law is of little help. I.C. § 49–303(b) defines the term "operator": "Every person, other than a chauffeur, who is in actual physical control of a motor vehicle upon a highway." I.C. § 49–1501(g) defines the term "operator" as: "Every person who is in actual physical control of a motor vehicle." These definitions of the term operator are somewhat in conflict with themselves, for the exception in I.C. § 49–303(b) excluding the term "chauffeur" from the definition of operator recognizes that actual physical control is not always requisite to be an operator. Aside from the fact that this policy of insurance was a Washington contract

and thus presumably not drafted in the light of a particular Idaho statute, these statutes are regulatory and penal in nature and their definitions are properly limited to the defined words in their statutory use. Having acquired neither a clear single common meaning nor a settled legal meaning for the particular purpose for which incorporated in the policy, the term "operated" was properly characterized by the trial court as ambiguous.

█ The divergent positions of the parties on the meaning of the word "operated" as used in this policy are best presented by referring to the cases cited and relied on by the parties. Appellant cites and relies on the case of Witherstine v. Employers' Liability Assur. Corp., 235 N.Y. 168, 139 N.E. 229, for the view that the term "operated" is limited to the person exercising actual physical control.

On the other hand, respondents rely on the case of Trans-Continental Mutual Insurance Company, Inc. v. Harrison, (1955) 262 Ala. 373, 78 So.2d 917, 51 A.L.R.2d 917, as sustaining their position.

In Witherstine v. Employers' Liability Assur. Corp., supra, the New York Court of Appeals held that the term "operated" as used in a restrictive endorsement of the policy signified a personal act in working the mechanism of the car. The court recognized that the word had several meanings, but then went on to state that in connection with the use of motor vehicles, the word "operate" seemed to have acquired a definite meaning. The court stated:

"The word 'operate' is used throughout the statute as signifying a personal act in working the mechanism of the car. The driver operates the car for the owner, but the owner does not operate the car unless he drives it himself. If the meaning were extended to include an owner acting either by himself or by agents or employees, the provisions of the Highway Law would be replete with repetitious jargon.

"Obviously the word is used in the policy in the same sense in which it is used in the Highway Law. Otherwise it is inexplicable why the policy should refer to owner operating for private purposes only, or to operation by a person connected with a repair shop or garage, etc. (sic) The entire endorsement on the policy should, if possible, be given a meaning and a consistent meaning. Words may in themselves be ambiguous, yet have a clear meaning when read in the light the context affords. When the meaning of the contract appears, it is the duty of the court to make it effective, even when the words have been selected by an insurance company." 139 N.E. page 230.

The contrary view, however, was succinctly stated in the dissenting opinion in that case.

The Supreme Court of Alabama, in Trans-Continental Mut. Ins. Co. v. Harrison, supra, relied on by respondents, has rejected the rule of the majority in the Witherstine case, and has followed the dissent, holding that, under the facts before it, the term "operated", as used in the restrictive endorsement of the insurance policy, was not limited to acts of the insured in manually and physically driving the car, but extended to acts of the insured when the driving of the car was by a third person in the company and under the direction of the insured. The court in reaching this conclusion stated, after first determining that the rule of strict construction of the policy should be employed against the insurance company in determining the meaning of an ambiguous word:

"If an insurance contract is so drawn as to be equivocal, uncertain or ambiguous, or to require interpretation because fairly susceptible to two or more different interpretations, the one will be adopted, which if consistent with the objects of insurance, is most favorable to the insured." (Citing cases.) Page 921 of 78 So.2d 921.

The Alabama Supreme Court then cited with approval, a statement appearing in Ayres v. Harleysville Mut. Casualty Co., 172 Va. 383, 2 S.E.2d 303, quoted from 1 Couch, Cyclopedia of Insurance Law, Sec. 188a, page 402, as follows: ·

"'* * * Perhaps the most generally assigned reason for the rule is, in effect, that to hold otherwise, without an absolute necessity therefor, would tend to subvert the very object and purposes of insurance, which is that of indemnity to the insured in case of loss or the payment of money on the happening of a contingency, which indemnity should be effectuated, rather than defeated, to which end the law makes every rational intendment, so as to give the fullest protection possible to the interests of the assured. In fact, where two interpretations equally fair may be made, that which allows a greater indemnity will prevail. And since indemnity is the ultimate object of insurance, the construction should be in favor thereof, and likewise for the benefit of the trade, for, in case of doubtful construction, insurance is regarded as a contract unberrimae (sic uberrimae) fidei.'", page 921 of 78 So. 2d 921.

See also: Monroe v. Heard (La.App.) 168 So. 519; 5A Am.Jur., Automobile Insurance § 36, pg. 38; 7 Appleman, Insurance Law and Practice § 4314, pg. 82; 6 Blashfield, Cyclopedia of Automobile Law and Practice § 3941, pg. 601.

The reasoning of the Alabama Court in the case of Trans-Continental Mut. Ins. Co. v. Harrison, supra, seems more persuasive than the reasoning in the majority opin-

ion of Witherstine v. Employers' Liability Assurance Corp. (N.Y.) 139 N.E. 229 . The term "operated" was properly considered as being ambiguous and uncertain by the trial court. Here it is agreed by all parties that the insureds were present in the vehicle, which was being used in furtherance of an aim or object of the insureds, husband and wife, and that the wife, at least, still had the right to direct the driver of the vehicle. Under such circumstances as presented here, the trial court did not err in its judgment and decree in favor of respondents.

Judgment for respondents affirmed.

Costs to respondents.

TAYLOR, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.