**COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant,**

v.

**Mary Brown ROGERS, Appellee.**

**No. 7841.**

Court of Civil Appeals of Texas.

Texarkana.

Sept. 5, 1967.

Rehearing Denied Sept. 26, 1967.

C. A. Searcy Miller, L. W. Anderson, Harris, Anderson, Henley & Shields, Dallas, for appellant.

W. A. Pritchard, Bradford & Pritchard, Dallas, for appellee.

FANNING, Justice.

The opinion of August 1, 1967, in this cause is withdrawn and the following opinion is rendered in lieu thereof.

An appeal from a judgment rendered in a county court at law. Appellee, as plaintiff, sued appellant insurance company, as defendant, upon a policy of insurance, for $728.49, for damages to her automobile. There was no dispute as to the above amount being the correct amount, as same was stipulated, and there was no dispute about the insurance policy being issued and a copy of same is in the record. Appellant's defense was to the effect that the policy contained an exclusion of named driver provision, providing to the effect that the insurance afforded by the policy "shall not apply with respect to any claim arising from accidents which occur while any automobile *is being operated* by Alfred Calvin Rogers", (emphasis added) and that the collision causing the damages occurred while Alfred Calvin Rogers was operating the automobile insured.

Both parties filed motions for summary judgment and prior to hearing thereon the parties entered into the following stipulation of facts:

"It is mutually agreed by and between the parties herein that at the time and on the occasion of the alleged accident herein, the automobile in question had been parked on the right shoulder of the street in the 3000 Block of North Hampton, Dallas, Texas, for at least three minutes prior to Curtis Davis driving his 1961 Ford automobile into the rear of the automobile in question, and that Alfred Calvin Rogers had been driving the car immediately prior to parking same,

and at the time of the collision was still in the driver's seat behind the wheel."

The trial court entered judgment for plaintiff-appellee for the amount sued for, $728.49, and overruled defendant-appellant's motion for summary judgment. Appellant has appealed.

Appellant presents four points of error on appeal as follows:

"FIRST POINT OF ERROR

"The trial court erred in holding that the Appellee's automobile was not 'being operated' by Alfred Calvin Rogers at the time of the occurrence of the loss which was the basis of this cause of action.

"SECOND POINT OF ERROR

"The trial court erred in holding that the Appellee was entitled to coverage under her policy of insurance with Appellant because at the time of the occurrence of the loss made the basis of this suit, Appellee's automobile was being operated by the named excluded driver within the exclusion of named driver endorsement on said policy.

"THIRD POINT OF ERROR

"The trial court erred in granting Plaintiff's (Appellee's) Motion for Summary Judgment.

"FOURTH POINT OF ERROR

"The trial court erred in overruling Defendant's (Appellant's) Motion for Summary Judgment."

Appellant in his original brief states:

"The only question to be decided on appeal is whether or not the Appellee's automobile at the time and on the occasion of this loss was being operated by Alfred Calvin Rogers, the named excluded driver in the endorsement numbered 119."

Both appellant and appellee state in their briefs to the effect that no Texas cases have

been found which are directly in point with the facts in the case at bar. We also have found no Texas cases passing upon a fact situation in point or in near similarity with the case at bar. Both parties have cited many out-of-state cases, none of which are directly in point or in near similarity to the fact situation in the case at bar.

In 7 Tex.Jur.2d, p. 259, it is stated in part as follows:

"Ordinarily, the terms, language, and conditions of policies of automobile insurance are selected and employed by the insurer itself to express the terms and conditions on which the policy is issued. In accordance with the well-established general rule, such policies will be strictly construed insofar as the insurer is concerned. However, insofar as the person who is insured by the policy is concerned, the rule is also equally well-established that such policies will be liberally construed in his favor. Thus, if the words employed by the insurer in drafting the policy are susceptible of more than one construction, the construction that is the most favorable to the insured is the one that will be adopted by the Court, when considering the policy."

Webster's New Twentieth Dictionary defines "operate" as follows:

"1. To act; to perform work; to be in action so as to produce an effect * * to work; to set or keep in operation or activity; as to operate a machine."

In 51 A.L.R.2d 924, many cases are cited considering the meaning of "operate" and "being operated". The holdings in said cases are based upon the various fact situations involved therein and none of them fit the exact situation we have here.

In Morrow v. Asher, District Court, Northern District of Texas, 55 F.2d 365, it was stated in part as follows:

"It will be noted that the Texas statute predicates the appointment by the non-resident of the chairman of the state highway commission, as his attorney, upon whom service may be had, upon 'his operating a motor vehicle on the highway.' The word 'operate' means to 'work or use a machine; to perform some manual act, or series of acts; to keep a machine working or in operation.'

\* \* \* \* \* \*

"One who steps on starter is operating automobile. State v. Webb, 202 Iowa, 633, 210 N.W. 751, 49 A.L.R. 1389. 'Operate' signifies personal act in working the mechanism of car. Feitelberg v. Matuson, 124 Misc.Rep. 595, 208 N.Y. S. 786.

"When the driver at time of accident was being directed by owner when and where and how often to drive, it was held that the automobile was not being 'operated' by the owner within a policy covering liability incurred only while automobile was being operated by owner, since 'operate' is used to signify the personal act of working the mechanism of the car. Witherstine v. Employers Liability, 235 N.Y. 168, 139 N.E. 229, 28 A.L.R. 1298.

"A truck which had temporarily stopped on the highway with intention to continue in a few seconds was being 'operated' within a law requiring automobiles to carry lights when in operation during certain times of the day. Horton v. Benson (Tex.Civ.App.) 266 S.W. 213.

"A car which was being towed was not being 'operated' at the time of a collision therewith. Dewhirst v. Connecticut Co., 96 Conn. 389, 114 A. 100.

"Of course, these and many other decisions are shaded somewhat by the particular language of the state statute, or of the contract under consideration. * *

" * * * Concededly Asher was not operating the car in the sense that he

was actually driving it. Differ as we may about the scope of the word 'operate,' there is highly respectable authority, both in dictionary and in court decisions, to the effect, as already shown, that operation means the actual handling of the machinery. If Asher was not operating in that sense upon the Texas highway, he could not be served by a notice upon the chairman of the highway commission. * * *"

The undisputed proof shows that appellee's automobile *was not being operated* by Alfred Calvin Rogers at the precise time said car was struck by a third party. Nor does such undisputed proof raise a material fact issue for a trier of the facts.

The case of Horton v. Benson, Tex.Civ. App., 266 S.W. 213 (1924) cited by appellant, is not in point here and is clearly distinguishable from the facts in the case at bar. No insurance policy was involved in Horton v. Benson; the question was whether a truck parked on a highway at night came within the meaning of the statute requiring lights upon motor vehicles while being operated at night. Having found that the truck was temporarily stopped by the driver, with the intention on his part to continue his operation within a few moments, the court stated that it was "being operated" within the terms of the statute, however, the court later stated that the question of whether or not it was "being operated" was unnecessary or wholly immaterial to a determination of the case. In this connection we quote from Horton v. Benson, supra, in part as follows:

"The contention of appellant under this assignment is that by the undisputed evidence it is shown that the truck of defendant was standing on the highway, and was being operated upon the highway within the meaning of the statute, requiring lights upon motor vehicles while being operated during the night, which was pleaded by the plaintiffs.

"We think the undisputed evidence shows that the truck was being operated upon the highway at the time of the collision. We think it illogical to hold that a motor truck that is being operated on a highway, *and is temporarily stopped on such highway by the driver with the intention on his part to continue his operation within a few moments,* is not within the meaning of the statute referred to being operated on the highway. Such construction of the statute would be a very narrow construction, and would defeat the purpose for which the statute was enacted.

*"We agree, however, with appellees in their contention that the decision of the question as to whether the motor truck was being operated at the time of the collision was unnecessary and wholly immaterial, as the court, under relevant allegations of the plaintiffs, submitted to the jury the question as to whether or not appellant's truck was standing on the highway without lights,* and as to whether a failure to have such lights was an act of negligence resulting in injury to plaintiffs, and as the jury in answer to such questions gave affirmative answers to each of them. It is therefore apparent that judgment was not rendered upon a finding that appellant was guilty of negligence as a matter of law, but that it was rendered upon the answers of the jury to the questions last mentioned." (Emphasis added).

The case of Twogood v. American Farmers Mutual A. Ins. Assoc., 220 Iowa 1133, 296 N.W. 239, cited by appellant, is not in point. This case involved an insurance rider which excluded coverage "while being operated or manipulated by any person prohibited from driving * * *". A minor had driven the car until it stalled on a bridge, whereupon Mr. Twogood put his hand on the wheel, but did not actually guide it. When the automobile started again it went into a ditch. The court held that the minor was driving it, not Mr. Twogood.

The case of State Farm Mutual Insurance Company v. Coughran, 9 Cir., 92 F.2d

239, cited by appellant, is not in point. In this case the car was in motion and although the insured's daughter was behind the wheel and his wife was seated on the right side, the court held that the wife was the operator because she seized the wheel and caused the accident.

The judgment of the trial court is affirmed.