HEROD McLEOD ET AL., PLAINTIFFS, v. SAMUEL BIRNBAUM ET AL., DEFENDANTS.

Decided June 29, 1936.

Before Justice DONGES, by consent.

For the rule, *Isaac C. Ginsburg.*

*Contra, Samuel Levinson.*

DONGES, J. It is stipulated on this rule to show cause why service upon Zakin-Birnbaum, Incorporated, a corporation, under the provisions of chapter 69, *Pamph. L.* 1933, *p.* 129; *N. J. Stat. Annual* 1933, *p.* 264, § 135-96a(1), providing for service upon non-residents through the commissioner of motor vehicles, should not be set aside, as follows: That the automobile involved in the collision in which plain-

tiff alleges he was injured was driven by the defendant Samuel Birnbaum, an officer and employe of Zakin-Birnbaum, Incorporated; that at the time of the collision he was about the business of said Zakin-Birnbaum, Incorporated; that the automobile being so driven by Samuel Birnbaum was the property of Paul Simon; that Birnbaum, Simon and Zakin-Birnbaum, Incorporated, are all non-residents, being domiciled in the State of New York.

The matter is submitted to me by consent of the parties.

The single question is whether or not service may be made upon Zakin-Birnbaum, Incorporated, through the commissioner of motor vehicles, it being asserted that that corporation is neither chauffeur, operator or owner of the automobile. The statute provides in part as follows:

"From and after the passage of this act any chauffeur, operator, or owner of any motor vehicle, not licensed under the laws of the State of New Jersey providing for the registration and licensing of motor vehicles, who shall accept the privilege extended to non-resident chauffeurs, operators and owners by law of driving such a motor vehicle or of having the same driven or operated in the State of New Jersey, without a New Jersey registration or license, shall, by the acceptance and the operation of such automobile within the State of New Jersey, make and constitute the commissioner of motor vehicles of the State of New Jersey his, her, or their agent for the acceptance of process in any civil suit or proceeding by any resident of the State of New Jersey against such chauffeur, operator, or the owner of such motor vehicle, arising out of or by reason of any accident or collision occurring within this state in which a motor vehicle operated by such chauffeur, or operator, or such owner is involved."

The legislature, by the use of this language, it seems to me, included not only the person who was actually driving the car, who would fall under the designation of chauffeur, but likewise the person in whose behalf the vehicle was being driven. It will be observed that the act says "to non-resident chauffeurs, operators and owners by law of driving such a motor vehicle or of having same driven or operated in the

State of New Jersey." This language seems to me to be broad enough to cover a person in whose interest and for whose benefit a car is being operated, although such person may be neither the chauffeur nor the owner thereof. It is quite common to refer to a railroad system as being "operated" by a corporation, a coal mine as being "operated" by an operator, and instances might be multiplied where the word "operate" covers not the physical labor but the management and control of the agency. And so it seems to me that the statute in question is designed to and does in fact cover not only the actual driver but also the person in whose behalf a motor vehicle is being driven whether such person be the owner or not.

The rule to show cause is discharged, with costs.