In re Trusteeship of Riddle: Riddle, Appellant, v. Riddle et al., Appellees.

(No. 301—Decided December 2, 1941.)

*Mr. Charles Case* and *Mr. Floyd A. Johnson,* for appellant.

*Mr. Berne Jones,* for appellees.

Montgomery, J.   The appellant, Merrick C. Riddle, who was a co-trustee under the will of his father, Christian Riddle, by application filed in the Probate Court of Delaware county, sought an allowance in the sum of $9,000 for personal service alleged to have been rendered by him for his *cestui que* trust during the existence of the trust.

Thereafter the appellant filed in the Probate Court an application for a declaratory judgment seeking the construction of the will of Christian Riddle with reference to the legal status of his claim, and for a determination as to whether or not the entire estate of Christian Riddle is pledged for the payment of this charge for services rendered the beneficiary.

Both of these propositions having been decided adversely to the applicant in the Probate Court, this appeal was perfected.

At the outset, let it be stated that we are not here concerned with the validity of the claim as presented, with the amount of money, if any, which should be re-

covered thereon, or with the suggested proposition that the appellant, having failed to make claim during the lifetime of the beneficiary, has waived any right he might have for reimbursement.

The Probate Court held that Merrick C. Riddle had no claim which he could present against the trust fund, and that it was without authority in law to make any allowance for services for which recovery was sought.

Counsel for appellant have submitted a very long and comprehensive brief covering various propositions and various sections of the Probate Code, most of which need not be considered, in view of the conclusion which we have reached.

Section 10506-52, General Code, prior to amendment (119 Ohio Laws, 403) was in the following language:

"When compensation is not otherwise fixed by law, the Probate Court may make such allowance to fiduciaries for their services and expenses in executing their trust as it deems proper; and the court shall have the same fees as in the settlements of administrators and executors."

It is argued that this section covers only ordinary compensation and expenses for the trustee in the management of the trust. It is suggested further that one co-trustee cannot personally advance a claim as against his co-trustee and the estate. This latter proposition clearly is not tenable, because, if, in the ordinary course of managing a trust, one trustee should incur expenses not incurred by the other, he certainly would be entitled to allowance in excess of the allowance as co-trustee.

The general principle was laid down in the case of *Scattergood* v. *Ingram,* 86 Ohio St., 76, 98 N. E., 923, where it was held that a guardian might recover for personal services rendered to an imbecile ward. There could be no difference in principle between an allowance to a guardian and an allowance to a trustee.

In the case of *Spink* v. *Spink,* 7 C. C. (N. S.), 89, 18 C. D., 94, which decision was affirmed by the Supreme

Court without opinion (*Spink* v. *Spink, Admx.,* 78 Ohio St., 390), it was held that an allowance could be made by the Probate Court for maintenance and support of a minor child by the parents, and that upon the presentation to the Probate Court of a claim therefor, there is drawn to that court the chancery jurisdiction necessary to a complete exercise of the jurisdiction conferred by statute.

It is our conclusion that, without reference to any other section of the statutes, Section 10506-52, General Code, *supra,* is sufficient to authorize the allowance by the Probate Court for personal services rendered by a trustee to his beneficiary, if the terms and conditions of the trust are such as to justify the invoking of this section.

Item three of the will of Christian Riddle is as follows:

"Reposing full confidence in the ability and integrity of my son, Merrick C. Riddle, and my son-in-law, Berne Jones, I hereby make, constitute, and appoint them trustees, without bond, upon the trusts and for the objects and purposes following, to wit: Said trustees shall take and hold, for the use and benefit of my son, Stanley C. Riddle, during his natural life, all moneys due from, and paid by life insurance companies on life insurance policies held by me at the time of my decease, after deducting therefrom and paying to said life insurance companies all notes and other valid claims, if any, due from my estate to said life insurance companies; and the fund so received by said trustees shall constitute a trust fund, and shall be held, managed and controlled by said trustees, and their successors in trust, during the continuance of said trust, which shall continue for the natural life of my said son, Stanley C. Riddle. Said trustees, and their successors in trust, are authorized, empowered, and directed, to invest said fund, if in their judgment and discretion they shall deem best, in United States Government

Bonds, to collect the income therefrom, pay all necessary expenses of said trust, and from the net income pay over to my said son, Stanley, and for his use and benefit, from time to time, such sums and amounts as his comfort and necessities require for a good maintenance and support, and said trustees, and their successors in trust, are further authorized, empowered and directed, if the net income from said trust fund be insufficient for the purpose, to draw from the body of the fund, from time to time, such sums of money as they may find necessary to furnish my said son, Stanley, a good and comfortable maintenance and support.

"Upon the death of my said son, Stanley, and not before, said trust shall terminate and end; and upon the happening of that event, said trustees shall render a final account as such trustees, and pay over to my executors hereinafter named, or their successors, the balance of said trust fund, with all accumulations, if any remaining in their hands; and said executors shall distribute the same in accordance with the provisions of, and as directed by, the residuary clause of this, my last will."

This item specifically authorizes the trustees from the net income to pay not only to the beneficiary, Stanley Riddle, but, also, as stated, "and for his use and benefit, from time to time, such sums and amounts as his comfort and necessities require for a good maintenance and support." It would follow from this language that it was not simply a matter of turning over the income to this beneficiary, but that it could be paid to others "for his use and benefit," and "as his comforts and necessities require." Immediately following this provision in the item was one authorizing the drawing upon the body of the fund, if the interest be insufficient, to furnish the beneficiary "a good and comfortable maintenance and support." The requirement as to payments did not specify when they should be made, or even that they should be made during the

lifetime of the beneficiary, but was "from time to time." Certainly if proper obligations had been incurred and had not been paid during the lifetime of the beneficiary, a valid claim would exist even after his death. The trust terminated by its terms upon the death of the beneficiary and not before, and the accounting of what might remain in the trust fund was required at the death of the beneficiary.

It is our conclusion that, under the provisions of this will, Merrick C. Riddle is not precluded from presenting to the Probate Court for allowance any claim which he may have against this trust fund.

It is our conclusion, however, that the Probate Court was right in its construction of the residuary clauses of the will of Christian Riddle and in holding that the estate generally was not liable for the payment of any claims for services rendered to or obligations incurred for the benefit of Stanley Riddle. By item four of the will Stanley Riddle is specifically precluded from sharing in the residue, it being recited that in the mind of the testator this son had been amply provided for by the trust established in item three. Specific provision having been made for him in item three, and he being specifically excluded by the subsequent provisions of the will from sharing in the residue, it follows that the trust fund, and it alone, of the estate of Christian Riddle would be liable for the care and maintenance and support of this beneficiary.

It follows that there may be an order affirming the judgment of the Probate Court in the respect indicated, but reversing it for its refusal to consider the claim of the appellant upon its merits, and this cause will be remanded to that court for proceedings in conformity with this opinion.

*Judgment affirmed in part and reversed in part and cause remanded.*

LEMERT, P. J., and SHERICK, J., concur.