Jeavon L. ECKMAN and John P. Eckman, Appellants,

v.

Abe BAKER, Individually and Trading as Simmonds Upholstering Co.

No. 11520.

United States Court of Appeals Third Circuit.

Argued April 18, 1955.

Decided Aug. 19, 1955.

---

2. Individual appellants Heen, Kai and Akana sold their stock and resigned from corporate office two months later.

 

Paul E. Moses, Pittsburgh, Pa., (Evans, Ivory & Evans, Pittsburgh, on the brief), for appellants.

Thomas P. Monteverde, Pittsburgh, Pa., (James J. Burns, Jr., Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

STALEY, Circuit Judge.

The plaintiffs (appellants), Jeavon L. Eckman and John P. Eckman, who are wife and husband and citizens of Pennsylvania, brought a trespass action in the Federal District Court for the Western District of Pennsylvania against Abe Baker, a citizen of Massachusetts. The complaint discloses the following facts: The suit resulted from an automobile accident which occurred in Allegheny County in the Western District of Pennsylvania involving a car which was owned and driven by the husband-plaintiff and another car which was owned by Christine Heftye and driven by her husband, Rudolph T. Heftye. Baker came into the picture because, at the time of the accident, Rudolph T. Heftye was driving the car within the course of employment for the defendant, Baker, and so, under well-known agency principles, Baker could be held liable for Heftye's misconduct.

Service was effected upon the defendant by substituted service in accordance with the provisions of the Pennsylvania Act of May 14, 1929, P.L. 1721, as amended by the Act of May 23, 1949, P.L. 1651, 75 Purdon's Pa.Stat.Ann. § 1201, the pertinent section of which reads as follows:

" * * * [A]ny nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated * * * shall, by such acceptance * * * and by the operation of

such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process. * * * "

After a preliminary hearing, the district court quashed the service of the summons and the complaint upon Baker because it construed the term "operator" in the Pennsylvania statute quoted above as limited in meaning to "driver." Since the pleadings disclosed that Baker was neither the owner nor the driver of the car which collided with husband-plaintiff's car, substituted service was not permitted.

In arriving at its conclusion, the district court followed the decisions of four different common pleas courts of Pennsylvania.[1] (Substituted service in accord with Pennsylvania law is permitted by Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.)

The questions raised by the plaintiffs are whether the district court was bound to follow the common pleas courts' decisions, and, if not, whether the district court correctly concluded, 126 F.Supp. 656, that Pennsylvania law would not permit substituted service upon Baker.

■ The common pleas decisions are the only Pennsylvania decisions which directly interpret the meaning of "operator" in the nonresident motorist statute; no Pennsylvania appellate courts have specifically decided the point. We do not think that those decisions are binding upon the federal courts.

We are faced with a problem similar to that which faces a federal court when applying state law under the Rules of Decision Act,[2] although here we look to state law because of Rule 4(d) (7). This court has held that the decisions of the lower non-appellate courts of Pennsylvania which have only a county-wide jurisdiction are not controlling upon the federal courts, with the exception that if there is a sufficient body of nisi prius opinion to form a consensus of legal thought on a given subject, the federal court should join in the consensus.[3] What would constitute such a consensus is a problem which can only be answered as each specific fact situation is reviewed. Here we have decisions from four common pleas courts rendered over a twenty-year period. A common pleas court sitting in any one of sixty-three other counties in Pennsylvania would not be bound by that which has been decided in the other four as to the construction of the statute involved. Under such circumstances, we do not think there exists in Pennsylvania, a sufficient body of nisi prius law to which we should defer.

We shall accordingly attempt to arrive at that result which we think the appellate courts of Pennsylvania would reach.

The statutory language does not provide a definitive answer as to whether Baker was subject to substituted service. The term "operator" could be given a narrow meaning limited to "driver" or a more liberal meaning which would include one such as Baker who would be an operator in that he caused a car to be operated which he did not own. Perhaps either construction would be reasonable were we playing the role only of grammatical analysts. But, when statutory language can reasonably be read in more than one way, we must not limit ourselves in the process of construing words and phrases to a paper and printer's ink analysis.

■ Many states have nonresident motorist statutes. Although all these

1. Riccio v. Niagara Cotton Co., 1931, 15 Lehigh Co.L.J. 195, 47 York Leg.Rec. 70; Darling v. Paramount Line, Inc., 1941, 24 Erie L.J. 109; Burns v. Philadelphia Transportation Co., 1942, 44 Pa. Dist. & Co. 654; Stouffer v. Eastern Motor Dispatch, Inc., 1951, 80 Pa.Dist. & Co. 30.

2. See King v. Order of United Commercial Travelers, 1948, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608.

3. Berkshire Land Co. v. Federal Security Co., 3 Cir., 1952, 199 F.2d 438, 440–441; Sunbeam Corp. v. Civil Service Employees' Cooperative Ass'n, 3 Cir., 1951, 187 F.2d 768, 771–772.

statutes are not identical, they all have the same primary purpose. It is to afford to local residents access to local courts for suits against nonresident tortfeasors, thereby giving the local residents an opportunity to bring a suit which they could not or would not do otherwise because of the many practical, financial, and geographical obstacles.

A construction of the statute that limits the word "operator" to "driver" would mean that the legislature intended to allow substituted service upon some tortfeasors but not others.

Assuming the facts of the complaint to be true, as we must, defendant Baker is just as liable as a tortfeasor as the driver Heftye. It seems clear to us that to fulfill the legislative policy, the term "operator" must be construed to include one such as Baker who neither owned nor drove the accident car but was responsible for its presence on the highways of Pennsylvania.

The rule of construction in our situation is to give effect to the will of the legislature, and there is no evidence that the legislature intended to discriminate in favor of any class of nonresident tortfeasors who through the operation of a motor vehicle in Pennsylvania become legally responsible to Pennsylvania citizens. Act of May 28, 1937, P.L. 1019, 46 Purdon's Pa.Stat.Ann. § 551. The word "operate" is commonly understood to mean control and management as well as performance of the physical act. The Pennsylvania Supreme Court in Midora v. Alfieri, 1941, 341 Pa. 27, 17 A.2d 873, very clearly indicated that it has a like understanding of the word. In that case, substituted service was made upon a New Jersey corporation because it was alleged that the *corporation operated* a motor vehicle in Pennsylvania since the driver of the car was an employee of the corporation. The Supreme Court of Pennsylvania held that there was no jurisdiction over the corporation *only* because the evidence at the preliminary hearing clearly showed that the driver was not an employee of the corporation. The court's language clearly indicates that had the driver been an employee of the corporation, the corporation would have been considered the "operator"— and, of course, a corporation cannot drive.

Ohio and New Jersey have statutes similar to the Pennsylvania statute. Appellate courts of both states have construed the word "operator" to mean not only the actual driver, but also the person in whose behalf a motor vehicle is being driven, whether or not such person is the owner. Pray v. Meier, 1942, 69 Ohio App. 140, 40 N.E.2d 850, 43 N.E. 2d 318; McLeod v. Birnbaum, 1936, 14 N.J.Misc. 485, 185 A. 667. We believe that the Pennsylvania Supreme Court would reach the same result. The various arguments presented by the defendants have not persuaded us otherwise.

For the foregoing reasons, the order of the district court will be reversed and the cause will be remanded with instructions that the service effected upon defendant Baker be reinstated.