**Glenna L. CODY, Plaintiff,**

v.

**FRANCIS L. SCHWARZ, Inc., Defendant.**
**Civ. No. 2077.**

United States District Court
S. D. Ohio, W. D.
March 20, 1957.

Pickrel, Schaeffer & Ebeling, Dayton, Ohio, for plaintiff.

Estabrook, Finn & McKee, Dayton, Ohio, for defendant.

CECIL, District Judge.

This case was removed to this Court from the Common Pleas Court of Montgomery County, Ohio. It is now pending before the Court upon a motion of the defendant to dismiss the action because of insufficiency of the service of process, lack of jurisdiction over the person of the defendant and failure of the petition to state a cause of action against the defendant. As an alternative to dismissal, the defendant seeks to have the service of summons quashed.

The petition alleges that on October 20, 1954, the plaintiff was driving a 1954 Buick sedan and that while stopped at the intersection of West First street and Perry street in the City of Dayton, Ohio, waiting for a red traffic signal located at that intersection to change to green, her automobile was struck from the rear by an automobile being driven by one Harry Edwards, a resident of St. Louis, Missouri.

It is further alleged that the said Harry Edwards was an agent of the defendant, Francis L. Schwarz, Inc., and that at the time he was in the course of and acting in the scope of his employment with the said Francis L. Schwarz, Inc.

It is further alleged that the said Harry Edwards was negligent in several respects and that as a result of his negligence the plaintiff was seriously injured.

The petition alleges that Francis L. Schwarz, Inc., is a corporation with principal office and place of business in the State of New York.

The motion of the defendant is supported by an affidavit of Chester E. Finn of counsel for the defendant, which states that the automobile being driven by the said Harry Edwards at the time of the accident was not owned by the defendant.

. The question presented is whether or not the Common Pleas Court of Montgomery County, Ohio, acquired jurisdiction over the defendant through service of summons made under and by virtue of Section 2703.20 of the Ohio Revised Code. The first paragraph of this section of the Revised Code and the part pertinent to the issue in this case reads as follows:

"Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege

extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the same operated, within this state, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a nonresident or conceals his whereabouts, by such acceptance or licensure and by the operation of such motor vehicle within this state makes the secretary of state of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved."

The statute uses the words "operator or owner", that is, "Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners," may be served in the manner provided by the statute "in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved."

The specific question is whether or not a nonresident of the State who is neither owner nor operator of a motor vehicle may be served with process under this provision of the statute on the basis of being the principal of an agent who, in the scope of his employment, was driving the car involved in an accident. To determine this question, the Court must look to the Ohio law.

In Pray v. Meier, 69 Ohio App. 141, 40 N.E.2d 850, 43 N.E.2d 318, it was held by the Court of Appeals for Cuyahoga County that under similar circumstances, the Court had jurisdiction of the person.

In Parr v. Gregg, 70 Ohio App. 235, 42 N.E.2d 922, it was held by the Court of Appeals for Butler County that under circumstances similar to those in the case at bar the Court did not have jurisdiction of the person of the principal.

It seems almost unbelievable that in fifteen years this question has not again been raised in Ohio and decided by the Supreme Court. The two authorities just cited are of equal value and the law on this question as it now stands in Ohio is in conflict. The law of Ohio being in this condition, the Court looks for guidance to other decisions of the Supreme Court of Ohio.

In Snavely v. Wilkinson, Appellant, 138 Ohio St. 125, 33 N.E.2d 999, the Court interpreted what is now Section 4515.01 of the Ohio Revised Code. In this case the plaintiff brought an action in Allen County, Ohio, against the executor of the estate of Zella Wells, whose negligence is alleged to have caused an accident and injuries in Allen County, said county not being the residence of Zella Wells. This section of the statute also uses the words "owner or operator." The question arose as to whether or not the executor of the owner or operator could be sued in a county other than the one of his residence. The Court held that this was a venue statute and that it should be liberally construed, and allowed the service to stand.

In Harris v. Owens, Appellee, 142 Ohio St. 379, 52 N.E.2d 522, the Court interpreted Sections 6308–1 and 6308–2 of the General Code (now Sections 2703.20 and 2703.21 of the Revised Code of Ohio). In this case, the question was whether or not the administrator of the nonresident owner or operator could be sued in Ohio and jurisdiction acquired by virtue of what is now Section 2703.20 of the Revised Code of Ohio.

While the Court did not discuss the matter of liberal and strict interpretations, it did in fact apply a strict interpretation and did not permit the service to stand. The basis of this decision was that death terminates an agency and that with the death of the actual owner or operator the agency created by the statute terminated.

It is interesting to note that in some jurisdictions outside of Ohio, under similar statutes, service of process is permitted against administrators and executors. Oviatt v. Garretson, 205 Ark. 792, 171 S. W.2d 287.

The Court stated in the opinion of Harris v. Owens, supra, 142 Ohio St. at page 382, 52 N.E.2d at page 524, "This court is in accord with the contention that these two sections, [2703.20–2703.21] though in some measure pertaining to venue, in the main relate to jurisdiction. Their provisions afford a method of obtaining substituted service on the owner or operator of a motor vehicle who is, at the commencement of the action, a nonresident of the state. The personal representative of the nonresident owner or operator is not mentioned in the statute; but valid service on the defendant-administrator herein is essential to a right to maintain the action." It is to be noted here that neither does the statute mention a nonresident principal who is not an owner or operator of the motor vehicle.

What is more pertinent to this decision is a decision of the Sixth Circuit, United States Court of Appeals, in the case of Commonwealth of Kentucky for the use and benefit of Kern, etc. v. Maryland Casualty Co. of Baltimore, Md., 6 Cir., 112 F.2d 352. In this case the Court construed a statute of Kentucky which is similar to the one in Ohio. The Court said, 112 F.2d at page 355, "Paula Endres, being neither the operator nor owner of the motor vehicle, upon the negligent operation of which plaintiff predicated her action in the State court, was not within the terms of the present statute." The Court goes on then to discuss the question of Agency, which the plaintiff claims exists and which should bring the defendant within the terms of the Kentucky statute. The Court found that no Agency exists and that, therefore, there is no merit to this contention of the plaintiff. This discussion appears to be dicta and this Court cannot assume that the service would have been sustained if there had been Agency.

Eckman v. Baker, 3 Cir., 224 F.2d 954, has been cited by counsel for the plaintiff. This is a decision by the Third Circuit, United States Court of Appeals. Here the court sustained the service under a Pennsylvania statute similar to that of Ohio, under facts and circumstances which parallel the facts and circumstances in the case at bar. The opinion in this case is persuasive and entitled to great weight, but it appears to be in conflict with the opinion of the Sixth Circuit case above cited.

The Court concludes that the Common Pleas Court of Montgomery County did not acquire jurisdiction of the person of the defendant through service made under Section 2703.20 of the Revised Code of Ohio.

The petition of the plaintiff states a cause of action against the defendant. Therefore, the motion of the defendant as one to dismiss the action will be overruled, but there being no proper service on the defendant, the motion to quash the service of summons will be sustained.

■ Initially, the plaintiff raised the question that the defendant had entered its appearance by removing the case to this Court and by filing its motion. This position was apparently abandoned by counsel for plaintiff in their subsequent brief. Under Federal practice, the defendant does not waive the jurisdictional question by these proceedings. Orange Theater Corporation v. Rayhertz Amusement Corporation, 3 Cir., 139 F.2d 871.