**Thomas WEAVER, Plaintiff,**

v.

**WINN DIXIE STORES, Inc., and James Lawrence, Defendants.**

**Civ. No. 34098.**

United States District Court
N. D. Ohio, E. D.
March 20, 1958.

Feingold & Himmel, Cleveland, Ohio; for plaintiff.

Hauxhurst, Inglis, Sharp & Cull, Michael R. Gallagher, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

Defendant Winn Dixie Stores, Inc., appearing specially for the purpose of this motion, moves the court for an order setting aside and holding for nought the service of summons upon it.

■ This is an action for personal injuries suffered by plaintiff as a result of a collision involving the truck in which he was riding as an employee of defendant James Lawrence, the actual owner and actual operator of the truck. The complaint alleges that the two defendants were engaged in a joint enterprise at the time, and thus are jointly and severally liable.

Service was made upon the Secretary of State of Ohio pursuant to Ohio Revised Code, Section 2703.20, which reads in pertinent part as follows:

"Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the same operated, within this state, * * * by such acceptance or licensure and by the operation of such motor vehicle within this state makes the secretary of state of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved."

Plaintiff attempts to demonstrate that the phrase "or of having the same operated * * *" indicates the intent to include the agency relationship within the coverage of the statute, as it does if the principal owns the vehicle. Since it would not make sense to read "operator * * * having the same operated," the statute must mean "owner * * * having the same operated." Thus the question involved here remains the same: Is a nonresident principal to be regarded as either owner or operator of his agent's vehicle within Ohio for the purposes of this Statute?

The authorities in Ohio on this point are hopelessly in conflict. In Pray v. Meier, 1942, 69 Ohio App. 141, 40 N.E.2d 850, 852, 43 N.E.2d 318, the court stated: "The word 'operator,' is thus understood to mean one for whose purposes a motor vehicle is being operated * * * *", and determined that an employee driving his own car within Ohio serving some purpose of his employer renders his employer liable for his negligent acts and subject to service through the Secretary of State. Parr v. Gregg, 1942, 70 Ohio App. 235, 42 N.E.2d 922, determined that an employer riding in her employee's automobile within Ohio on the employer's business was not an operator or owner within the meaning of the statute, stating that the term operator was designed by the legislature to apply only to persons who actually controlled the driving and steering mechanism of the vehicle. This latter case cited Grimes v. Schaefer, Ohio Com.Pl., 2 Ohio Supp. 173, in which an employee left his employer's truck for repairs and later had an accident with a car he borrowed from the garageman and which held that service can be had only upon a nonresident principal who causes his own vehicle to be operated within Ohio. This case has an excellent review of the decisions on this point prior to 1939.

It might be helpful to point out that in Harris v. Owens, 1943, 142 Ohio St. 379, 52 N.E.2d 522, it was held that this statute did not permit substituted or constructive service on the personal representative of a deceased nonresident owner or operator; and that in Shepherd v. Shapiro Fisheries, Inc., Ohio Com.Pl., 99 N.E.2d 512, it was held that a nonresident corporation which is operating leased motor vehicles within the State of Ohio is an operator within the terms of this statute.

Cody v. Francis L. Schwarz, Inc., D.C. S.D.Ohio 1957, 152 F.Supp. 379, is precisely in point on the facts, adopting the view of Parr v. Gregg, supra, that a statute in derogation of the common law must be construed strictly against jurisdiction, after a thorough review of the authorities.

Subsequent to the Cody case, Tipton v. Fleet Maintenance Co., Ohio Com.Pl.,

1957, 142 N.E.2d 882, again reviews the authorities and expressly refuses to follow Cody, adopting the view expressed in Pray v. Meier, supra, that legislative intent should not be nullified under the guise of strict construction, and that the plain legislative intent was to protect the rights of citizens of Ohio to indemnification from nonresident tortfeasors.

Cody v. Schwarz, supra, relied heavily on Com. of Kentucky for Use and Benefit of Kern v. Maryland Casualty Co., 6 Cir., 1940, 112 F.2d 352, 356, for the authority to interpret the statute strictly. This case involved the construction of a similar Kentucky statute and the court there held that the defendant involved was not the owner or operator of the vehicle nor was she the principal of the operator, but the court did use the following language:

> "It may be conceded, without deciding, that if the operator of the car were the agent of the defendant in the state court action, substituted or constructive service, gave the court jurisdiction."

Not only are the courts of Ohio in conflict on this question, but conflict exists among other states. For instance, New York State, in Wallace v. Smith, 1933, 238 App.Div. 599, 265 N.Y.S. 253, determined that a similar statute did not permit service in this situation (the statute subsequently was altered to so permit); New Jersey, in McLeod v. Birnbaum, 1936, 14 N.J.Misc. 485, 185 A. 667, did permit such service, as did Illinois, Jones v. Pebler, 1939, 371 Ill. 309, 20 N.E.2d 592, 125 A.L.R. 451. There is some indication that this is also the rule in Pennsylvania. See Eckman v. Baker, 3 Cir., 1955, 224 F.2d 954.

It is my considered judgment that the view of this matter adopted in Pray v. Meier, supra, and Tipton v. Fleet Maintenance Co., supra, is the better one. The legislature surely did not intend to be more liberal regarding service upon the agent than upon the principal. If both were present in court, liability would be equal as to both, and there is no reason why the principal should not be equally subject to service, just as he is equally subject to liability.

When we consider the object and purpose to which this legislation is directed and the remedial intent of the state legislature to preserve to its citizens their rights against all tortfeasors regardless of residence, the word operator as used in the statute certainly must extend to include those responsible for the operation of vehicles, such as the defendant Winn Dixie Stores, Inc.

In this view of the matter, the motion to quash service must be denied.