Frank Del Vecchio, J.
This is a motion by the defendant Patricia Loomis, as administratrix of the estate of Wesley Loomis, deceased, for an order dismissing the complaint on the ground that the court does not have jurisdiction of her person.
*442 The actions are brought to recover damages for wrongful death resulting from a collision which occurred on July 28, 1957 between two automobiles in Oneida County, New York. The decedent Wesley Loomis, a resident of Oneida County and operator of one of the automobiles, received injuries which caused his death. On September 28, 1957 his widow was appointed administratrix of his estate, however in May, 1959 she remarried and thereafter and before the commencement of these actions she established a permanent residence in Beading, Pennsylvania. On August 25, 1959 plaintiffs served a copy of the summons and complaint in each case on the Secretary of State and mailed copies to defendant with notice of service upon the Secretary of State as provided by section 52-a of the Vehicle and Traffic Law.
Plaintiffs concede that prior to the amendment (L. 1958, ch. 568) of section 52-a of the Vehicle and Traffic Law effective July 1, 1958 the law was well settled that service under this section could not be perfected on an executor or administrator residing outside the State of New York even though the deceased resident motorist was killed in the accident and the administrator became a nonresident after appointment. (Shelton v. Johnson, 278 App. Div. 1012; Central Greyhound Lines v. Faust, 196 Misc. 53, affd. 278 App. Div. 1012.) Plaintiffs argue however that this case law has now been superseded by the 1958 amendment, following which the statute reads as follows:
“ § 52-a. Service of summons on residents who depart from state. The provisions of section fifty-two of this chapter shall also apply to a resident who departs from the state subsequent to the accident or collision and remains absent therefrom for thirty days continuously, whether such absence is intended to be temporary or permanent, and to any executor or administrator of such resident.’’ (New material underscored.)
It is the contention of plaintiffs that since the administratrix departed from the State subsequent to the amendment she is subject to service under the provision of that section as amended.
The defendant, on the other hand, takes the position that the statute is not retroactive and does not apply to an action arising out of an accident occurring prior to the amendment even though the defendant as administratrix moved out of the State after the amendment.
Before the words ‘ ‘ and to any executor or administrator of such resident ” were added to section 52-a the Court of Appeals in Kurland v. Chernobil (260 N. Y. 254) held that the statute was not retroactive and affirmed an Appellate Division determi *443 nation setting aside the service of a summons and complaint where the accident had occurred and the defendant had become a nonresident of this State prior to the enactment of section 52-a. (See, also, Continental Cas. Co. v. Nelson, 147 Misc. 821.) The sole question to be determined is whether the fact that the defendant administratrix became a nonresident after the amendment requires a different result. This court believes it does not.
It is well settled by the common law of New York that a foreign representative generally has no standing in our courts as such, and may neither sue nor be sued (Leighton v. Roper, 300 N. Y. 434, 438), and that statutes such as section 52-a in derogation of the common law are to be strictly construed. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 301.)
It seems from a careful reading of the section that the amendment merely permits service on the administrator or executor if the resident motorist departs from the State subsequent to the accident, a situation quite different from that present in these cases in which the resident motorist never departed from the State but died in the State and it was his administratrix who departed following her appointment. As the Fourth Department said in Shelton v. Johnson (supra): “ The defendant’s intestate having died within the State as the result of a motor vehicle accident, section 52-a of the Vehicle and Traffic Law has no application. ’ ’
Furthermore, since the amendment which became effective July 1, 1958 is not to be applied retroactively to these actions which arose out of an accident on July 28, 1957 the motion to dismiss the complaint as to the defendant Patricia Loomis, as administratrix of the estate of Wesley Loomis, deceased, is granted.
Order accordingly.