**Gwendolyn L. CARE, Administratrix of the Estate of Joseph Care, Jr., Deceased,**

v.

**FOX DELUXE FOODS, INC. and Leasit System, Inc.**

**Civ. A. No. 6869.**

United States District Court
M. D. Pennsylvania.
June 14, 1960.

**524**

Cohen, Senft & Rubin, York, Pa., Sidney G. Handler, Harrisburg, Pa., for plaintiff.

Hull, Leiby & Metzger, Harrisburg, Pa., for defendants.

FOLLMER, District Judge.

The Complaint alleges that the plaintiff is a citizen of Pennsylvania, that the one defendant, Fox Deluxe Foods, Inc., is an Illinois corporation, and that the other defendant, Leasit System, Inc., is an Arkansas corporation. The proceeding is a trespass action involving a motor vehicle accident in this district. Service was had in accordance with the Pennsylvania Nonresident Motorist Act (75 P. S. § 1201).

Defendant, Leasit System, Inc., moves to dismiss the action against it, contending that when the owner of a vehicle does not operate that vehicle in Pennsylvania it must be shown that the owner had the vehicle operated in its behalf in Pennsylvania. Leasit System, Inc., claims that it was bailor and that the operator of the truck was the agent of Fox Deluxe Foods, Inc. The Complaint alleges that "defendant, Fox Deluxe Foods, Inc., or defendant, Leasit System, Inc., or both defendants, Fox Deluxe Foods, Inc. and Leasit System, Inc., negligently operated and maintained said motor vehicle owned by Leasit System, Inc."

The service of process provided in the Nonresident Motorist Act of Pennsylvania (75 P.S. § 1201) prior to its amendment in 1959 covered "any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania." In the present case defendant contends that the owner-lessor is not covered. In Eckman v. Baker, 3 Cir., 1955, 224 F.2d 954, 956, the contention was that a lessee was not covered. The court there said:

> "Many states have nonresident motorist statutes. Although all these statutes are not identical, they all have the same primary purpose.

It is to afford to local residents access to local courts for suits against nonresident tort-feasors, thereby giving the local residents an opportunity to bring a suit which they could not or would not do otherwise because of the many practical, financial, and geographical obstacles.

"A construction of the statute that limits the word 'operator' to 'driver' would mean that the legislature intended to allow substituted service upon some tortfeasors but not others.

"Assuming the facts of the complaint to be true, as we must, defendant Baker is just as liable as a tortfeasor as the driver Heftye. It seems clear to us that to fulfill the legislative policy, the term 'operator' must be construed to include one such as Baker who neither owned nor drove the accident car but was responsible for its presence on the highways of Pennsylvania.

"The rule of construction in our situation is to give effect to the will of the legislature, and there is no evidence that the legislature intended to discriminate in favor of any class of nonresident tortfeasors who through the operation of a motor vehicle in Pennsylvania become legally responsible to Pennsylvania citizens. * * * "

Defendant cites several lower State court cases such as Stouffer v. Eastern Motor Dispatch, Inc., 80 D. & C. 30 (1951), and Burns v. Philadelphia Transportation Co., Inc., 44 D. & C. 654 (1942), in support of its position. These are the cases which the Court of Appeals in the Eckman case cited and refused to follow. Moreover, the Legislature of Pennsylvania fully approved the Court of Appeal's interpretation of the legislative intent when by the Act of November 10, 1959, it amended the foregoing to read:

" * * * any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, or being a person in whose behalf a motor vehicle is being operated whether or not such person is the operator or owner, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, * * *."

Defendant, by this motion, is attempting to have this Court decide an important controverted factual issue as to the relationship and respective responsibilities and liabilities of the owner, lessee and driver. Whether or not there is tort liability on the part of the owner of this vehicle, to the plaintiff, is an issue on which the full facts are yet to be developed.

As to the service of process on the owner, it was certainly within the scope of the Act.

Accordingly, the motion of the defendant, Leasit System, Inc., to dismiss the action or in lieu thereof to quash the return of service is denied.