Charles Lambiase, J.
Defendant, appearing specially, has moved ‘ ‘ for an Order setting aside the service of the Summons, and for such other and further relief as to the Court may seem just and proper. ’ ’
On or about the 26th day of November, 1957 a motor vehicle owned by one, Leeta M. Stevens, and operated by her husband, Edward Stevens, now deceased, collided with a motor vehicle owned by Mushroom Transportation Company, Inc., and operated by William H. Kitchen, on Route 15 at or near Lindley, New York.
Under the provisions of section 52 of the Vehicle and Traffic Law of the State of New York in effect at the time of the accident, which section with amendments is now section 253, a summons and complaint could be served by serving the Secretary of State and sending a copy by registered mail to (1) the nonresident operator of the motor vehicle and (2) the nonresident owner of the motor vehicle.
At the time of the accident there was not any provision in section 52 for the service thereunder of a summons and complaint on an employer of a nonresident operator. On July 1, 1958, section 52 as amended by chapter 568 of the Laws of 1958, section 1, effective July 1, 1958, for the first time contained a provision whereby the employer of a nonresident operator could be served under said section. Effective July 1,1958 said section also permitted service to be made on an executor or administrator of a nonresident operator.
On or about the 23rd day of November, 1960 a summons and complaint in each of the above-entitled actions, containing a notice of service on the Secretary of State pursuant to section 253 (formerly § 52) of the Vehicle and Traffic Law of the State of New York, was served on the defendant, Farm and Home Broadcasting Company, Inc., by registered mail at their office in Wellsboro, Pennsylvania. In the complaint it is alleged that the said Edward Stevens, deceased, was employed by and was in the business of the defendant, Farm and Home Broadcasting Company, Inc., at the time of the happening of the accident.
The service upon the Secretary of the State was made upon him as the assumed representative of the defendant in attempted compliance with section 253 of the Vehicle and Traffic Law (formerly § 52). It is defendant’s claim that the amendment permitting the service on the employer of a nonresident operator is not retroactive in its effect. The plaintiffs maintain that the service on the defendant as made is proper. Unless the amendment to the statute effective July 1, 1958 is retroactive, it can have no application to the actions before us.
*964 In Kurland v. Chernobil (260 N. Y. 254, 257) the Court of Appeals in construing the language of the then section 52-a of the Vehicle and Traffic Law of the State of New York, entitled ‘ ‘ Service of summons on residents, who remove from the state prior to the commencement of action against them ”, said in pertinent part: “ The power thus conferred to effect lawful service of process, in an action in personam, upon a public officer designated as agent for one who may become a nonresident rests solely on an implied consent that the operation of a motor vehicle on a highway of this State shall constitute an agreement that the service of such process shall possess the same validity as personal service upon defendant within the State. This agreement of course is not actual, it is merely constructive and in the absence of the statute creating the implication no consent could be deemed to exist. When this defendant operated his car on our highways, certainly he did not in fact agree to vest the Secretary of State with any power of agency for the receipt of service of process. At that time no presumption had been established, for the presumption exists only by reason of statutory enactment and no statute applicable to persons of his class was then effective. Section 52-a must, therefore, be held to operate only prospectively and to relate exclusively to those who as residents use the highways of this State subsequent to the passage of the act and who later become nonresidents.” (See, also, Loomis v. Delta Chevrolet [3 actions], 20 Misc 2d 441.)
By parity of reasoning, we conclude that the provisions of the amendment of section 52 of the Vehicle and Traffic Law, effective July 1,1958, and now part of section 253 of the Vehicle and Traffic Law, permitting service on the employer of a nonresident operator must be held — and we do so hold — to operate prospectively and are not retroactive in their effect.
The motion of the defendant in each of the above-entitled actions for an order setting aside the service of the summons must be and hereby is in all respects granted.