John F. Scilepfi, J.
In an action to recover damages for personal injuries, one of the defendants, Lloyd A. Fry Roofing Co., appearing specially, moves to vacate the alleged service of summons and complaint upon it. It contends that it is a nonresident *431 corporation and that it neither owned nor operated nor had an agent, servant or employee operate the vehicle which was involved in the alleged accident which bottoms the instant action. Therefore, the service of process upon it pursuant to section 253 of the Vehicle and Traffic Law was improper.
The plaintiff contends that since the vehicle involved in the alleged accident was delivering materials for the defendant, Lloyd A. Fry Roofing Co., service of process pursuant to section 253 of the Vehicle and Traffic Law was proper inasmuch as this section provides that service of process may be made on nonresidents in accordance with the procedure outlined therein if there was ‘ ‘ use or operation in this state of a vehicle in the business of a non-resident
Prior to the enactment of section 253 of the Vehicle and Traffic Law, section 52 of that law provided for the service of summons on nonresidents who use or operated vehicles in this State. This former section did not permit the service of process upon a nonresident principal whose agent was operating an automobile belonging either to the agent or a third party even though this agent used the automobile in the business of his employment and within the scope thereof. (Wallace v. Smith, 238 App. Div. 599, 601-602; Salzman v. Thompson, 201 N. Y. S. 2d 700; Zilaitis v. Consolidated Bleaching Co., 201 N. Y. S. 2d 702.) The Law Revision Commission, in attempting to make a nonresident principal amenable to service of process whenever a vehicle is operated by an agent in his business in this State, recommended the inclusion in section 52 of the Vehicle and Traffic Law of the phrase <£ the use or operation in this state of a vehicle in the business of a nonresident ” (see 1958 Report of N. Y. Law Rev. Comm., pp. 629, 633).
The court is of the opinion that section 253 which is the current designation of the amended section 52, as proposed by the Law Revision Commission as mentioned above, merely permits the service of process on the principal of an agent operating a vehicle in this State in the business of his principal where such principal is not the owner of said vehicle. (See Kitchen v. Farm & Home Broadcasting Co., 30 Misc 2d 962; Salzman v. Thompson, supra.)
In the case at bar, the defendant, Lloyd A. Fry Roofing Co., contends that the vehicle involved in the alleged accident herein was not being operated by any agent, servant or employee. However, it admits that it entered into a contract with another of the defendants, Boyle Bros., Inc., for the transportation of certain material to the City of New York and that this defendant subcontracted with another of the defendants, Carretta Coal *432 and Fuel, Inc., to transport said material. Moreover, it contends it neither controlled, directed nor supervised the transportation of said material or the operation of the vehicle involved in the transporting. The plaintiffs, on the other hand, do not contradict these allegations. (Burke v. Kahn, 145 N. Y. S. 2d 276.)
Inasmuch as the vehicle involved was not being operated by an agent of the defendant, Lloyd A. Fry Roofing Go., in its business, the service of process pursuant to section 253 was improper. Accordingly, the motion to vacate such service is granted.