Louis Toglia, Plaintiff, *v.* Robert N. Errington, as Executor of Edward Varzos, Deceased, Defendant.

Supreme Court, Westchester County, June 21, 1962, reargument August 21, 1962.

*Howard H. Schrecke* for defendant appearing specially. *Frank C. Praete, Jr.,* for plaintiff.

Frank S. McCullough, J. This is a motion by the defendant appearing specially for an order vacating the purported service of the summons and complaint under section 254 of the Vehicle and Traffic Law. The action arises out of an automobile accident which occurred on March 17, 1959 when the defendant's testator was the operator of a motor vehicle which was in collision with an automobile wherein the plaintiff was a passenger. Subsequent to the date of the accident and during the year 1959 the defendant's testator died, leaving a last will and testament naming the defendant as executor. It appears undisputed that the defendant resided in the State of New Jersey at the time of the testator's death and still resides there. Section 254 of the Vehicle and Traffic Law states: " The provisions of section two hundred fifty-three of this chapter shall also apply to a resident who departs from the state subsequent to the accident or collision and remains absent therefrom for thirty days continuously, whether such absence is intended to be temporary or permanent, and to any executor or administrator of such resident." In opposing this motion the plaintiff stresses that the addition of the language " and to any executor or administrator of such resident " permits service upon an executor or administrator by the same process as set forth in section 253 of the Vehicle and Traffic Law. It is plaintiff's contention that the word " departed " should be construed to " include a resident who has died (departed this life) and who had a non-resident Executor or Administrator to represent him."

In *Loomis* v. *Delta Chevrolet* (20 Misc 2d 441) a set of facts similar to the case at bar appears. There the court stated (p. 443): " It seems from a careful reading of the section that the amendment merely permits service on the administrator or executor if the resident motorist departs from the State subsequent to the accident, a situation quite different from that present in these cases in which the resident motorist never departed from the State but died in the State and it was his

administratrix who departed following her appointment. As the Fourth Department said in *Shelton* v. *Johnson* [278 App. Div. 1012]: ' The defendant's intestate having died within the State as the result of a motor vehicle accident, section 52-a of the Vehicle and Traffic Law has no application.' '' It should be noted that section 52-a of the Vehicle and Traffic Law referred to in the above decision was the predecessor of section 254 of the Vehicle and Traffic Law and was practically identical in language.

In view of the foregoing decision, the court grants the motion and directs the vacating of the purported service of the summons and complaint. Submit order on notice.

(Reargument, August 21, 1962.)

The plaintiff moves for reargument of the motion by the defendant to vacate the purported service of the summons and complaint pursuant to section 254 of the Vehicle and Traffic Law. In its prior decision, this court granted the motion and vacated the service of the summons and complaint. The action arises out of an automobile accident which occurred on March 17, 1959. The defendant's testator was the operator of a motor vehicle which was in collision with an automobile wherein the plaintiff was a passenger. Subsequent to the date of the accident and during the year 1959 the defendant's testator died, leaving a last will and testament naming the defendant as executor. As recited in the prior decision, it is undisputed that the defendant resided in the State of New Jersey at the time of the testator's death and still resides there. Simply stated, the plaintiff has sought to serve the defendant pursuant to section 254 of the Vehicle and Traffic Law which states as follows: " The provisions of section two hundred fifty-three of this chapter shall also apply to a resident who departs from the state subsequent to the accident or collision and remains absent therefrom for thirty days continuously, whether such absence is intended to be temporary or permanent, and to any executor or administrator of such resident."

In the argument on the original motion, the plaintiff contended that the death of the defendant constituted a departure from the State, such as is encompassed by the language of section 254. The court, although sympathetic with the predicament of the plaintiff, overruled this argument and held that section 254 did not authorize the service of process attempted in the instant case, citing *Loomis* v. *Delta Chevrolet* (20 Misc 2d 441).

On reargument the plaintiff cites the Law Revision Commission report on the 1958 amendment (L. 1958, ch. 568) to section

52-a of the Vehicle and Traffic Law, which was the forerunner of the present section 254 of the Vehicle and Traffic Law.

Realizing that if the service of process is declared to be ineffective, the plaintiff may be barred by the Statute of Limitations, the court has strained to find grounds to sustain the service of the summons and complaint. The Legislative Jacket has been examined for the purpose of ascertaining if any clear-cut expression of legislative intent was manifested to cover the situation herein contained. No such substantiation appears. There does appear to be an intent to apply equal treatment to residents and nonresidents with respect to service of process under the Vehicle and Traffic Law. Under section 253 of the Vehicle and Traffic Law, service upon the Secretary of State is declared to be effective against nonresidents and their executors or administrators. However, the language of section 254 merely declares that the provisions of section 253 " shall also apply to a resident who departs from the state subsequent to the accident or collision and remains absent therefrom for thirty days continuously, whether such absence is intended to be temporary or permanent, and to any executor or administrator of such resident.''

However well intended the Legislature may have been in its attempt to apply the same rules to nonresidents and residents alike, the fact remains that the language of section 254 does not, by its phraseology, appear to be applicable to executors or administrators who are nonresidents at the time of a resident motorist's death and who continue to be nonresidents. The unique facts of this case have pointed up a situation which should well be the subject of legislative action. Nevertheless, it is not the province of this court to effect legislation, even where an apparent injustice exists. The court grants the motion for reargument and upon reargument adheres to its original decision.