**Robert C. SNYDER, Administrator for the Estate of Ella Hearn, Plaintiff,**

v.

**Ronald R. BEAM, James R. Carr and Joseph McCaffery, doing business as Carr & McCaffrey and Carr & McCaffrey, a partnership, Carrie Hitchens and Anthony Hitchens, Defendants.**

**Ethel Mae WEBB, Plaintiff,**

v.

**Ronald R. BEAM, Harold R. Beam, James R. Carr and Joseph McCaffrey, doing business as Carr & McCaffrey and Carr & McCaffrey, a partnership, Anthony Hitchens and Carrie Hitchens, his wife, Defendants.**

Superior Court of Delaware,
New Castle.

Submitted Nov. 15, 1977.

Decided Nov. 29, 1977.

Carl A. Agostini of Roeberg & Agostini, P. A., Wilmington, for plaintiff, Robert C. Snyder, Administrator for the Estate of Ella Hearn.

Richard H. Schliem, III, Wilmington, for plaintiff, Ethel Mae Webb.

Clifford B. Hearn, Jr., and Henry A. Heiman of Balick & Hearn, P. A., Wilmington, for defendants, James R. Carr and Joseph McCaffrey, doing business as Carr & McCaffrey and Carr & McCaffrey, a partnership.

Frank J. Miller of Miller & Foulk, Wilmington, for defendants, Ronald R. Beam and Harold R. Beam.

Mason E. Turner, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for defendants, Carrie Hitchens and Anthony Hitchens.

WALSH, Judge.

These companion actions arose out of a multiple vehicle accident which occurred on August 13, 1974. Among the drivers named as defendants in both actions was Ronald R. Beam who was operating an automobile purportedly owned by his father, Harold Beam. Both complaints allege that, at the time of the accident, Ronald R. Beam was the agent or employee of Carr and McCaffrey, a partnership, and was engaged in the conduct of his employer's business. Under the principle of *respondeat superior*, plaintiffs seek to hold Carr and McCaffrey liable for the alleged negligence of their employee, Ronald Beam.

Carr and McCaffrey do not reside or have an office in the State of Delaware, and it is not claimed that they have any ownership interest in the automobile involved in the collision. Defendants assert, therefore, that they are not subject to service of process under the Delaware Nonresident Motorist Statute, 10 *Del.C.* § 3112, because they are not owners, operators or drivers within the purview of subsection (a) of the statute.[1] Accordingly, they have moved to dismiss the action against them on the ground that the Court lacks jurisdiction over their persons. Since both actions involve the common question of jurisdiction, they have been consolidated for disposition.

The precise issue is whether the term "operator", as used in 10 *Del.C.* § 3112,

1. "(a) Any nonresident owner, operator or driver of any motor vehicle, who accepts the privilege extended by law to nonresidents of this State to operate or drive such motor vehicles on the public streets, roads, turnpikes or highways of this State by operating or driving such motor vehicle or by having the same operated or driven on any public street, road, turnpike or highway of this State shall by such acceptance of the privilege be deemed thereby to have appointed and constituted the Secretary of State of this State, his agent for the acceptance of legal process in any civil action against such nonresident owner, operator or driver arising or growing out of any accident or collision occurring within this State in which such motor vehicle is involved. * * * "

includes a nonresident employer whose employee or agent is involved in a motor vehicle accident on a Delaware roadway while acting in the course of the employer's business but driving a vehicle not owned by the employer. If the statute can be so construed, the nonresident employer is properly subject to constructive service of process.

This question is apparently one of first impression in this State. The decisional and statutory trend in other jurisdictions bespeaks a tendency to uphold such service. In *Eckman v. Baker,* 3rd Cir., 224 F.2d 954 (1955), the Third Circuit interpreted Pennsylvania's Long Arm Statute to include service upon an out-of-state employer. The Pennsylvania law interpreted in *Eckman* closely resembled the present Delaware statute.[2] In its determination of jurisdiction, the Court declined to follow four Pennsylvania Court of Common Pleas' decisions holding to the contrary. But the Pennsylvania legislature, in deciding to clarify the state of the law, later amended the statute to expressly comport with the *Eckman* decision, thus indicating that the broader reading of the statute was originally intended. Act of Nov. 10, 1959, P.L. 1459 § 1, amending 75 Penna.Stat.Ann. § 120 (presently codified at 75 Penna.Stat.Ann. § 6701, *et seq.*) See, *Care v. Fox Deluxe Foods, Inc.,* M.D.Pa., 185 F.Supp. 523 (1960).

In arguing for dismissal the defendants here have placed great reliance on *Wallace v. Smith,* N.Y.Sup., 238 App.Div. 599, 265 N.Y.S. 253 (1933) and *Cody v. Francis L. Schwarz, Inc.,* S.D.Ohio, 152 F.Supp. 379 (1957). The Court does not find those authorities persuasive. The New York statute[3] interpreted in *Wallace v. Smith, supra,* was more restrictive than the present Delaware statute. It specifically referred to the acts "in which such nonresident may be involved while operating a motor vehicle on such a public highway" thus indicating that the term "operated" was intended to mean a personal act of manual control.

It is noteworthy that New York subsequently amended its Long Arm Statute to include service upon nonresidents who have vehicles used or operated in that State in the course of business, regardless of whether the nonresident owns the vehicle. N.Y. Vehicle and Traffic Law § 253 (McKinney 1970). See, *De Concilius v. Lloyd A. Fry Roofing Co.,* N.Y.Sup., 34 Misc.2d 430, 226 N.Y.S.2d 216 (1962).

*Cody v. Francis L. Schwarz, Inc., supra,* involved the interpretation of a Long Arm Statute similar to Delaware's[4] under a fact pattern nearly identical to the present case. There, the Federal District Court quashed

**2.** The Pennsylvania Act of May 14, 1929, P.L. 1721, as amended by the Act of May 23, 1949, P.L. 1651, 75 P.S. § 1201 provided in pertinent part:

"  *  *  *  [A]ny nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated  *  *  *  shall, by such acceptance  *  *  *  and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary  *  *  *  his, her, or their agent for the service of process.  *  *  * "

**3.** (Section 52 of the New York Vehicle and Traffic Law)

"The operation by a nonresident of a motor vehicle or motor cycle on a public highway in this state, or the operation on a public highway in this state of a motor vehicle or motor cycle owned by a nonresident if so operated with his

consent, express or implied, shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway or in which such motor vehicle or motor cycle may be involved while being operated on such a highway with the consent, express or implied, · of such nonresident owner; and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state.  *  *  * "

**4.** Section 2703.20 of the Ohio Revised Code which provided:

"Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the

the service of process. While the case does support the defendants' position, it does not appear that *Cody* currently represents the law of Ohio. In a later opinion, an Ohio Common Pleas Court expressly rejected the holding in *Cody. Tipton v. Fleet Maintenance Company,* Ohio Com.Pl., 142 N.E.2d 882 (1957). Subsequently, the Federal District Court for the Northern District of Ohio also rejected *Cody,* and adopted the holding set forth in *Tipton, supra. Weaver v. Winn Dixie Stores,* N.D.Ohio, 160 F.Supp. 621 (1958). In *Weaver,* the Court noted:

> "The legislature surely did not intend to be more liberal regarding service upon the agent than upon the principal. If both were present in court, liability would be equal as to both, and there is no reason why the principal should not be equally subject to service, just as he is equally subject to liability." 160 F.Supp. at 623.

That rationale applies with equal force to the Delaware statute.

This Court is of the opinion that the term "operator" in § 3112(a) can and should be construed to include an employer who is having a vehicle driven on the roadways of Delaware by his employee even though the employer does not own the vehicle. Such a position is in keeping with the purpose of the Delaware Nonresident Motorist Statute which is to provide a single forum for litigation of such claims and thereby avoid the burden of having to pursue a tortfeasor to his place of domicile. *Beck v. Lund's Fisheries, Inc.,* Del.Supr., 3 Storey 45, 164 A.2d 583 (1960). While earlier Delaware decisions have not given such a broad meaning to the term "operator" none of those decisions involved the precise issue decided here. Cf. *McDuell v. State,* Del. Supr., 231 A.2d 265 (1967); *State v. Pritch-*

*ett,* Del.Super., 3 Storey 583, 173 A.2d 886 (1961); *Ramirez v. Rackley,* Del.Super., 6 Terry 161, 70 A.2d 18 (1949).

For the reasons stated, the motion of defendants Carr and McCaffrey to dismiss the actions against them for lack of jurisdiction is denied.

IT IS SO ORDERED.

---

same operated, within this state, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a nonresident or conceals his whereabouts, by such acceptance or licensure and by the operation of such motor vehicle within this state makes the

secretary of state of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved."